UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jessie De Leon, individually and on behalf
of all others similarly situated,

Plaintiff,

v.

Northern National Gas Company,

Defendant.

Case No. 21-mc-0042 (WMW/ECW)

**ORDER**

This case is before the Court on a "Motion for Leave to Proceed Without Local Counsel" filed by Plaintiff Jessie De Leon. (Dkt. 14.) As background, non-party Merjent, Inc., initiated this miscellaneous action by filing a Motion to Quash Subpoena Duces Tecum Served by Plaintiff ("Motion to Quash") and supporting papers on June 14 and 15, 2021. (Dkts. 1-5.) On June 17, 2021, Merjent filed a Certificate of Service indicating the Motion to Quash and supporting papers were served on counsel for Plaintiff on the dates they were filed, i.e., June 14, 2021 and June 15, 2021. (Dkt. 10.) As of August 10, 2021, Plaintiff had not entered an appearance, so the Court set a hearing date for August 30, 2021 at 11:00 a.m.; ordered Merjent to serve a copy of the Order setting the hearing date on Plaintiff; and ordered Plaintiff to file an opposition to the Motion to Quash no later than seven days before the August 30 hearing. (Dkt. 12.) On the same day, Merjent filed a Certificate of Service as to the August 10 Order. (Dkt. 13.)

On August 23, 2021, Plaintiff filed the "Motion for Leave to Proceed without Local Counsel" (Dkt. 14) and a "Motion to Transfer or Opposition to Merjent's Motion

to Quash (Doc. 1)" (Dkt. 16).  The attorneys who signed Plaintiff's papers are not admitted to practice before this Court, although they "certify that they are familiar with the local civil court rules of this District."  (Dkt. 14 at 1.)  Plaintiff seeks permission to proceed without local counsel pursuant to District of Minnesota Local Rule 83.5(a)(2)(C) and Federal Rule of Civil Procedure 45(f).  (*Id.*)  Local Rule 83.5(a)(2)(C) provides that "[a] person who is not a member of the court's bar may not appear or participate in a trial or hearing except as follows . . . as permitted by Fed. R. Civ. P. 45(f)."  D. Minn. LR 83.5(a)(2)(C).  Thus, Plaintiff bases the motion on Rule 45(f).

> Federal Rule of Civil Procedure 45(f) provides:
>
> Transferring a Subpoena-Related Motion.  When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.  Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court.  To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Plaintiff seeks transfer of Merjent's Motion to Quash pursuant to this Rule.  (Dkt. 17 at 3.)  The "issuing court" of the subpoena at issue is the Western District of Texas.  (Dkt. 4-1 at 8, Ex. E ("Second Subpoena"); *see also* Dkt. 5-1, Ex. B ("First Subpoena"); Dkt. 4 ¶¶ 5-8 (explaining that First Subpoena was withdrawn and Second Subpoena served in Minnesota).)  The "court where compliance is required" and where the Motion to Quash was made is the District of Minnesota, where Merjent filed its Motion to Quash pursuant to Rule 45.  (*See* Dkt. 1 at 2.)  Rule 45(f) provides that if the court where compliance is required transfers a motion to quash to the issuing court, "[t]hen, if the

2

attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court." *See* Fed. R. Civ. P. 45(f).

Here, the Court denies the Motion to Proceed Without Local Counsel because Rule 45(f) does not apply.  First, Plaintiff is not the "person subject to [the] subpoena," *see* Fed. R. Civ. P. 45(f), Plaintiff is the person who sought issuance of the subpoena, *see Collins v. Benton*, No. 219CV01970JADDJA, 2019 WL 5963709, at *2 (D. Nev. Nov. 12, 2019) ("Further, Medport would not necessarily need to obtain local counsel as Rule 45(f) expressly provides that a subpoenaed party does not need to obtain out-of-state counsel in the event of a transfer.").  Second, Plaintiff's counsel are not admitted to practice in the District of Minnesota, and Rule 45(f) contemplates that an attorney admitted to practice in the court of compliance (the District of Minnesota) may appear as an officer of the issuing court (the Western District of Texas)—not the other way around—**if and after** the court of compliance transfers the motion to quash.  *See* Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court . . .  **Then**, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court.") (emphasis added); *Elliott v. Mission Tr. Servs., LLC*, No. SA-14-MC-942-XR, 2014 WL 6772472, at *3 (W.D. Tex. Nov. 10, 2014) ("Thus, because this Court did not issue the subpoenas, Rule 45(f) permits transfer to the issuing court (the Eastern Division of the Northern District of Illinois) if Caraway consents (or if the Court finds exceptional

circumstances), and Caraway's attorney, who is admitted to practice in this Court, may file papers and appear on the motion as an officer of the issuing court."), *R.&R. adopted*, 2014 WL 6772474 (W.D. Tex. Dec. 1, 2014).  In sum, Rule 45(f) contemplates reducing the burden on a subpoenaed person, if the court of compliance transfers the motion, by permitting the subpoenaed person's attorney to appear in the issuing court.  None of those circumstances are present here.

Because Rule 45(f) does not apply, and Plaintiff has identified no other basis for the Motion to Proceed Without Local Counsel, the Court denies the Motion.  Further, the Court will strike "Plaintiff's Motion to Transfer or Opposition to Merjent's Motion to Quash (Doc. 1)" (Dkt. 16) and supporting papers (Dkts. 17-19) because they were filed by attorneys not admitted to practice in the District of Minnesota.  However, the Court will reset the hearing on Merjent's Motion to Quash to September 10, 2021 at 2:00 p.m. to permit Plaintiff time to obtain local counsel, seek any necessary pro hac vice admissions, and otherwise comply with Local Rule 83.5.  After doing so, Plaintiff may re-file a motion to transfer or opposition to the Motion to Quash no later than September 1, 2021.

Accordingly, and based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff's Motion for Leave to Proceed Without Local Counsel (Dkt. 14) is **DENIED**.

2. Plaintiff's Motion to Transfer or Opposition to Merjent's Motion to Quash (Doc. 1)" (Dkt. 16) and supporting papers (Dkts. 17-19) are **STRICKEN**.

4

3. After Plaintiff has complied with Local Rule 83.5, **but no later than September 1, 2021**, Plaintiff may re-file a motion to transfer and opposition to Merjent's Motion to Quash.

4. Merjent, Inc.'s response to any motion filed by Plaintiff pursuant to paragraph 3 will be due no later than seven days after Plaintiff files the motion.

Date:  August 26, 2021                    *s/Elizabeth Cowan Wright*
                                          ELIZABETH COWAN WRIGHT
                                          United States Magistrate Judge