**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| JESSIE DE LEON, Individually and for Others Similarly Situated, <br><br> v. <br><br> NORTHERN NATURAL GAS COMPANY | Case No. 21-mc-0042 (WMW/ECW) |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| JESSIE DE LEON, Individually and for Others Similarly Situated, <br><br> v. <br><br> NORTHERN NATURAL GAS COMPANY | Case No. 7:20-cv-00179-DC-RG <br><br> Jury Trial Demanded <br><br> FLSA Collective Action |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS OPPOSITION TO MERJENT'S MOTION TO QUASH (Doc. 1)

The Court in the underlying litigation already authorized discovery to Merjent in the form of a subpoena. For the reasons set forth in De Leon's Motion to Transfer, filed concurrently, Merjent's Motion to Quash should be transferred to the underlying Court in the Western District of Texas. In the alternative, for the reasons set forth in this Opposition, Merjent's Motion to Quash should denied. The hearing on Merjent's Motion is set for September 10, 2021. Doc. 21.

1.      **FACTUAL BACKGROUND**

De Leon was staffed to Northern Natural Gas Company (NNG) by Gas Gathering Specialists, Inc. (Gas Gathering). However, the claims in this case are not limited to only De Leon's employment. The underlying lawsuit involves a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b). De Leon previously moved for conditional certification of the following FLSA class:

> **All inspectors of Northern Natural Gas who were paid a day-rate with no overtime in the past 3 years (Putative Class Members).**

W.D. Tex. Doc. 15 at *1. NNG opposed the Motion and argued that the class should be limited to only those inspectors staffed by Gas Gathering. W.D. Tex. Doc. 20 at *4.

While the Motion for Conditional Certification was pending, the Fifth Circuit issued its opinion in *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430 (5th Cir. 2021), which changed the procedure for authorizing notice to putative class members. The Court denied Plaintiff's Motion for Conditional Certification Without Prejudice, so as to allow refiling when appropriate under the new procedures articulated by the Fifth Circuit in *Swales*. W.D. Tex. Doc. 34 (Order Denying Motion for Conditional Certification <u>Without</u> Prejudice), *attached as* **Exhibit 1**. In accordance with *Swales*, the Parties requested the Court enter a scheduling order setting forth the discovery permitted under *Swales*. W.D. Tex. Doc. 41 (Joint Scheduling Recommendations), *attached as* **Exhibit 2**. The Parties jointly requested the "discovery will focus on class wide discovery related to certification. *Swales* requires courts to consider whether material legal or factual similarities among the proposed class exist and whether these similarities have the potential to advance the claims, collectively, to some resolution. It encourages courts to authorize early discovery on those facts and legal

consideration." *Id* at ¶ 3. The Court adopted the Scheduling Recommendations and entered an Order controlling discovery. W.D. Tex. Doc. 42 (Preliminary Discovery Control Plan) *attached as* **Exhibit 3**. The Court Ordered discovery in the underlying matter will include:

> a. **A list of vendors who provided pipeline inspectors to work on Defendant's sites during the time period March 1, 2018 to present.**
>
> b. **Once these third-party vendors are identified, Plaintiff will subpoena the vendors for class information, invoices, timesheets, offer letters, and pay records, Defendant shall not object to a subpoena in the form agreed upon as Exhibit A.**

*Id.* at ¶ 4 a-b. The deadlines in the Preliminary Discovery Control Plan were extended through August 31, 2021. W.D. Tex. Doc. 47.1 (Order Extending Deadlines), *attached as* **Exhibit 4**.

Pursuant to the Court's Order, NNG produced a list of vendors that provided pipeline inspectors to work on Defendant's sites during the time period March 1, 2018 to present. *See* **Exhibit 3** at ¶ 4(a). NNG identified Merjent as one of these vendors. *See* NNG's List of Vendors, *attached as* **Exhibit 5** at ¶ 1. Accordingly, Plaintiff had Merjent served with a subpoena for the agreed-upon information and documents. *See* Doc. 5-1(B) at 13-20. Instead of complying with the subpoena, Merjent objected and filed its Motion. Doc. 1.

## 2.   MERJENT'S MOTION TO QUASH SHOULD BE DENIED

Merjent argued the documents sought are (1) not relevant to the underlying lawsuit, (2) are confidential, (3) can be obtained from one of the parties to the underlying lawsuit, and (4) the production request is unduly burdensome to Movant. Plaintiff addresses each of these arguments in turn below.

### A.  The Request is Relevant to Underlying Lawsuit

Under *Swales*, the Court must identify "at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly." *See* **Exhibit 1** (W.D. Tex. Order, quoting *Swales*, 985 F.3d at 441). Here, the Court in the underlying lawsuit followed the Fifth Circuit's mandate and identified what discovery is relevant and material. *See* **Exhibit 3**. The Court in the underlying lawsuit already determined the information and documents requested in Plaintiff's Subpoena to Merjent is relevant and material: "**Plaintiff will subpoena the vendors for class information, invoices, timesheets, offer letters, and pay records**, Defendant shall not object to a subpoena in the form agreed upon as Exhibit A." *See* **Exhibit 3** (W.D. Tex. Preliminary Discovery Control Plan). Accordingly, Merjent's arguments regarding relevancy are misplaced and De Leon respectfully requests that Merjent be ordered to comply with the subpoena under the underlying Court's existing Preliminary Discovery Control Plan.

### B.  Merjent's Rights Can Be Adequately Protected by A Protective Order

De Leon understands that the information sought may be confidential, and that Merjent may have an interest in protecting its information and documents. However, De Leon believes the Parties and Merjent should be able to work together to enter into an agreeable protective order to protect Merjent's rights while still allowing compliance with the subpoena.

De Leon and Defendant NNG jointly moved for a protective order in the underlying matter, which was granted by Judge Griffin. W.D. Tex. Doc. 30 (Protective Order), *attached*

*as* **Exhibit 6**. The Protective Order covers information and documents including "trade secrets, confidential or proprietary information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties." **Exhibit 6** at *3. De Leon is not opposed to the Court entering a similar protective order to protect Merjent's information and documents. Accordingly, Merjent's argument that the Subpoena should be quashed due to confidentiality concerns should be denied.

### C. The Court in the Underlying Lawsuit Already Authorized De Leon to Obtain the Requested Records from Third-Party Vendors Via Subpoena

Merjent argued the requested records can be obtained from one of the parties to the underlying lawsuit. However, the Court in the underlying lawsuit already authorized De Leon to subpoena the vendors, including Merjent, for the information and documents requested.

### D. The Request is Not Unduly Burdensome to Movant.

With today's record-keeping technology, it should be a simple exercise for Merjent to identify and produce the requested records electronically. There is no reason why production of these records – from a limited scope of time starting only in 2018 – would not involve only electronically stored information on an easily accessible database. Further, there is no reason to believe the underlying Court did not already take such concerns into consideration when issuing its Preliminary Discovery Control Plan authorizing such subpoenas. *See* **Exhibit 3**. The fact that complying may take *some* effort does not mean compliance is unduly burdensome.

3.     **CONCLUSION**

De Leon respectfully requests that the Court deny Merjent's Motion to Quash.

Dated: September 1, 2021

Respectfully submitted,

By:     _/s/ Michele R. Fisher_
        **Michele R. Fisher**
        Bar No. 303069
        **NICHOLS KASTER, PLLP**
        IDS Center, 80 South 8th Street
        Suite 4700
        Minneapolis, MN 55402
        (612) 256-3229 (Telephone)
        (612) 215-6870 (Fax)
        fisher@nka.com

        **Michael A Josephson**
        TX Bar No. 24014780
        **Andrew W. Dunlap**
        TX Bar No. 24078444
        **Richard M. Schreiber***
        TX Bar No. 24056278
        **Rochelle D. Prins***
        AZ Bar No. 031393
        **JOSEPHSON DUNLAP, LLP**
        11 Greenway Plaza
        Houston, Texas 77046
        713.352.1100 (Telephone)
        713.352.3300 (Fax)
        mjosephson@mybackwages.com
        adunlap@mybackwages.com
        rschreiber@mybackwages.com
        rprins@mybackwages.com
        *pro hac vice application pending*

AND

**Richard J. (Rex) Burch**
State Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com
**ATTORNEYS FOR PLAINTIFFS**